UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALYSIA B. PETRONGELLI,

                Plaintiff,       **No. 1:15-cv-00057(MAT)**
                                                  **DECISION AND ORDER**
        -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

---

## INTRODUCTION

Represented by counsel, Alysia B. Petrongelli ("Plaintiff") instituted this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner")[1] denying her application for Disability Insurance Benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## PROCEDURAL STATUS

Plaintiff protectively filed an application for DIB on October 3, 2011, alleging disability due to fibromyalgia, systemic lupus erythmatous ("SLE"), irritable bowel syndrome ("IBS"), muscle pain, arthritis, swollen joints, chronic fatigue syndrome ("CFS"),

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

photosensitivity, and migraine headaches, with an onset date of March 1, 2007. (T.10, 114-20, 138).[2] After this application was denied at the initial level on December 28, 2011, Plaintiff requested a hearing. (T.10, 69). On March 5, 2013, a hearing was conducted via videoconference by administrative law judge Curtis Axelsen ("the ALJ"). (T.21-64, 74-75). Plaintiff appeared with her attorney and testified. Plaintiff's friend, Andrea DeMarco ("DeMarco") also testified. The ALJ issued an unfavorable decision on May 8, 2013. (T.10-17). Plaintiff's request for review by the Appeals Council was denied on November 8, 2014, making the ALJ's decision the final decision of the Commissioner. This timely action followed.

The parties have filed cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court adopts and incorporates by reference herein the undisputed and comprehensive factual summaries contained in the parties' briefs. The Court will discuss the record evidence further below, as necessary to the resolution of the parties' contentions.

For the reasons discussed below, the Commissioner's decision is affirmed.

---

[2] Citations to "T." in parentheses refer to pages from the transcript of the certified administrative record.

**THE ALJ'S DECISION**

The ALJ followed the five-step sequential evaluation established by the Commissioner for adjudicating disability claims. See 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ fund that Plaintiff had not engaged in substantial gainful activity from March 1, 2007, through June 30, 2008, her date last insured.

At step two, the ALJ determined that Plaintiff's SLE and fibromyalgia constituted "severe" impairments, but that the other impairments she alleged were not severe. (T.12). In particular, the ALJ noted the absence of evidence that Plaintiff's IBS and hypertension caused significant limitations in her ability to perform basic work activities. (T.12, 13). Additionally, the ALJ found no objective evidence that Plaintiff suffers from headaches. (T.13).

At step three, the ALJ compared Plaintiff's severe and non-severe impairments to the Listing of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ gave particular consideration to Section 14.02 and found that Plaintiff's SLE did not meet or medically equal a medical listing thereunder. (T.13).

The ALJ then assessed Plaintiff as having the residual functional capacity ("RFC") to perform a full range of sedentary work, as defined in 20 C.F.R. § 404.1567(a). (T.13).

At step four, the ALJ found that Plaintiff was a younger individual (30 years-old on the date last insured) with a high school education and the ability to communicate in English. She was unable to perform her past relevant work as an activities assistant (light, skilled); medical records clerk (light, skilled); catering assistant (light, unskilled); sales associate (light, semiskilled).

At step five, the ALJ determined that transferability of skills was not material because the Medical Vocational Guidelines, 20 C.F.R., Pt. 404, Subpt. P, App. 2 ("the Grids"), would support a finding of "not disabled," whether or not Plaintiff had transferable skills. (T.16). Accordingly, the ALJ found that the Grids directed a finding of "not disabled." (T.16-17).

## SCOPE OF REVIEW

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, the district court is limited to determining whether the Commissioner's findings were supported by substantial record evidence and whether the Commissioner employed the proper legal standards. Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). The reviewing court nevertheless must scrutinize the whole record

and examine evidence that supports or detracts from both sides. Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

**I. Erroneous Weighing of Treating Physician's Opinion**

Plaintiff alleges that the ALJ erred in assigning "very little weight" to the opinion of her treating rheumatologist, Dr. Joseph Grisanti. (T.16).

Dr. Grisanti completed a Medical Source Statement of Ability to Work-Related Activities (Physical) ("Medical Source Statement") at the Commissioner's request on February 25, 2013. (T.452-57). He opined that Plaintiff could never lift or carry 11 to 100 pounds; could sit for 15 to 20 minutes at a time, stand for 10 minutes at a time, and walk for 10 minutes at a time; could never reach, handle, finger, feel, or operate foot controls; could rarely climb stairs and ramps; and could never climb ladders or scaffolds, balance, stoop, kneel, crouch, or crawl. All of these limitations were indicated to be due to "joint pain, swelling [and] severe fatigue." (E.g., T.454). The Medical Source Statement, at Section X, informs the provider as follows: "the limitations above are assumed to be your opinion regarding current limitations only.

-5-

However, if you have sufficient information to form an opinion within a reasonable degree of medical probability as to past limitations, on what date were the limitations you found above first present?" (T.457; capitals omitted). This sentence is followed by a line and a space to provide a date, but it was left blank by Dr. Grisanti on the Medical Source Statement.

The Commissioner "recognizes a rule of deference to the medical views of a physician who is engaged in the primary treatment of a claimant." Greek v. Colvin, 802 F.3d 370, 375 (2d Cir. 2015). "Thus, 'the opinion of a claimant's treating physician as to the nature and severity of the impairment is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."'" Id. (quoting Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(c)(2)). Circumstances will arise when an ALJ appropriately declines to give controlling weight to a treating physician's opinion. Id. (citing Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam) (holding that "the opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts")). Even when an ALJ does not defer to a treating physician's opinion, the

Commissioner's regulations require the ALJ to consider several factors in determining how much weight the opinion should receive. Id. (citing 20 C.F.R. § 404.1527(c)(2)(i), (2)(ii), (3)-(6)). The Second Circuit has held that, in order "to override the opinion of the treating physician, . . . the ALJ must explicitly consider, inter alia: (1) the frequen[c]y, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist." Selian v. Astrue, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam).

Here, the ALJ recognized that Dr. Grisanti was a rheumatologist, and stated that he did "not question the treating physician's opinion that the claimant carried a diagnosis of lupus prior to the date last insured." (T.14). However, the ALJ noted, "the *functional impact* of the disease process . . . on or before the date last insured [was] the issue in this matter." (T.14) (emphasis supplied). After reviewing the record, the aLJ decided to accord "very little weight" to Dr. Grisanti's Medical Source Statement. First, the ALJ noted, Dr. Grisanti "did not attach any objective medical evidence" or a "narrative statement to explain his opinion." (T.15). "More importantly," the ALJ noted, "Dr. Grisanti did not report that these functional limitations existed during the time period at issue." (T.15-16). Lastly, the ALJ found "no objective evidence confirming these functional

limitations." (T.16). While the ALJ's discussion did not track the Regulations to the letter, the Court finds that it was supported by substantial evidence, which "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). The ALJ did not misquote or mischaracterize the record, or rely on improper factors. See Schisler v. Sullivan, 3 F.3d 563, 567 (2d Cir. 1993) ("The regulations specify the following factors as relevant 'in determining the weight to give the [treating physician's] opinion' . . ., [including] . . . (ii) the evidence in support of the opinion, i.e., '[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight' that opinion is given. . . ."). Moreover, as the ALJ noted, Dr. Grisanti, by failing to indicate a specific date on which the limitations in the Medical Source Statement began, agreed that the limitations in that statement were "[his] opinion regarding current limitations only . . . ." (T.457). "While the existence of a pre-existing disability can be proven by a retrospective opinion, such an opinion must refer clearly to the relevant period of disability and not simply express an opinion as to the claimant's current status." Vitale v. Apfel, 49 F. Supp.2d 137, 142 (E.D.N.Y. 1999) (citing Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991) (finding no error

in application of treating physician rule where Dr. Michael Shaw, who began to see claimant in January, 1987, stated in February, 1987, that claimant "was totally disabled and in his opinion had been for many years," but "did not indicate . . . whether the [claimant]'s disability pre-dated December 31, 1980; and Dr. Ronald Miller wrote in a letter dated February 24, 1987, that claimant "could not currently conform to a work schedule and opined that [claimant] was disabled" but "had no opinion about her condition prior to 1987"; circuit court agreed with ALJ that "their opinions are clearly relevant only to 1987 and cannot be read as expressing any view about 1980[,]" the relevant disability period).

## II. Erroneous Weighing of Lay Witness Opinion

Plaintiff argues that the ALJ erred in assigning no significant weight to the opinion testimony of her friend, DeMarco, about the extent of the functional limitations resulting from her severe impairments.

"SSR 06-03p states that in considering evidence from non-medical sources, such as 'spouses, parents, and friends,' it is appropriate to consider the nature and extent of the relationship, 'whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence.'" <u>Werts v. Comm'r of Soc. Sec.</u>, No. 5:13-CV-0914 LEK/ATB, 2014 WL 6078434, at *13 (N.D.N.Y. Nov. 13, 2014) (quoting SSR-06-03p, TITLES II AND XVI:II AND XVI: CONSIDERING OPINIONS AND OTHER EVIDENCE FROM

SOURCES WHO ARE NOT "ACCEPTABLE MEDICAL SOURCES" IN DISABILITY CLAIMS, 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006).

DeMarco testified that she had known Plaintiff for more than 15 years and has witnessed Plaintiff's "health deteriorate over the years." (T.14). DeMarco testified that in 2007, Plaintiff would lie down "most of the day" because of chronic pain and fatigue, and "would miss a lot of work as a result of her illness." (Id.).

The ALJ found that "significant weight cannot be given" to DeMarco's testimony for several reasons, including that she is "not medically trained to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms, or of the frequency or intensity of unusual moods or mannerisms." (T.15). As the ALJ noted, the "accuracy of [DeMarco's] testimony was questionable." (Id.). DeMarco testified in fairly general terms and did not provide specific dates regarding her observations or quantify Plaintiff's limitations and restrictions. For instance, DeMarco stated that "[i]t seemed like every time Plaintiff had a baby, her health deteriorated even more[,]" and Plaintiff "would just get sicker by the day." (T.37). When asked by the ALJ about Plaintiff's "functioning back in '07 and '08[,]" the relevant time period, DeMarco replied, without elaboration, simply that Plaintiff "was starting to get really sick." (Id.).

The ALJ also explained that by virtue of her personal relationship as Plaintiff's friend, DeMarco cannot be considered a

disinterested witness whose testimony would not "tend to be colored by affection for the claimant and a natural tendency to agree" with Plaintiff's account of her symptoms. (T.15). "More importantly," the ALJ found, DeMarco's testimony was "simply not consistent with the preponderance of the opinions and observations by medical doctors in this case." (T.15). While Plaintiff "may be correct in arguing that the ALJ cannot simply reject [P]laintiff's [friend]'s testimony because she is inherently biased in [her] favor, the ALJ in this case rejected the testimony because it was not consistent with the evidence." Werts, 2014 WL 6078434, at *13. SSR 06-03p "specifically allows this as a basis for rejection of the testimony." Id. As the ALJ observed, although Plaintiff alleges "total disability since March 2007," she returned to part-time work as a food server and sales associate at Kohl's department store and has "sought very little treatment" for her medical conditions during the period at issue, i.e., March 1, 2007, through June 30, 2008. (T.15). Plaintiff also testified to a "wide range" of daily activities during that time period that "tend[ed] to show a greater residual functional capacity than alleged." (Id.). The ALJ did not misapply SSR 06-03p in evaluating the credibility of Plaintiff's lay witness, and his credibility finding was supported by substantial evidence, i.e., "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Perez, 77 F.3d at 46 (quoting Richardson, 402 U.S. at 401).

**CONCLUSION**

For the foregoing reasons, the Court finds that the Commissioner's decision is not legally erroneous and is supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed. Defendant's motion for judgment on the pleadings is granted, and Plaintiff's motion for judgment on the pleadings is denied. The Clerk of Court is directed to close this case.

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated: September 11, 2017
Rochester, New York.